## DILIANSZ v. KLATCH

[No. 492, September Term, 1966.]

*Decided June 30, 1967.*

The cause was submitted on the briefs to HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES, McWILLIAMS and FINAN, JJ.

Submitted by *Kardy, Brannan & Neumann* and *Leonard T. Kardy* for appellant.

Submitted by *Joseph A. Kenary* for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal involves the construction of a provision of a purchase money mortgage of certain land in Montgomery County, the propriety of the advertisement of the foreclosure sale and the standing of the mortgagee to foreclose the mortgage.

The mortgaged property is part of a tract of land called "Joseph's Park" in the Capital View Subdivision of Montgomery County. The improvements on the land were described as "The Corvin Inn, hotel and restaurant with parking lot adjoining, with address of 8 and 10 Old Post Office Road, in Silver Spring, Maryland." The appellant, Joseph Diliansz, and his wife Maria (from whom he is now separated) were the mortgagors. The appellee, Bernard J. Klatch, unmarried, was the mortgagee. The mortgage was for $74,000 for which the mortgagors had given their promissory note in that amount with interest at 6% per annum. Interest and principal were payable at $550 a month. The mortgage was due on or before the expiration of 20 years, with the privilege of making larger payments without penalty at any time during the 20 year period. The mortgage then provided:

> "Parties of the first part [the mortgagors] further certify that this mortgage is subject only to two other mortgages, the first one in favor of Perpetual Building Association of Washington, D. C. and the second one in favor of the Hartley family of Longmeadow, Massachusetts, the total balance on both these mortgages being less than twelve thousand dollars at the present time, and the party of the second part [the mortgagee and appellee, Klatch] *has agreed to pay off these two mortgages."* (Emphasis supplied).

The mortgage provides that upon default in payment of principal or interest, "or any part of either of them, at the time limited for payment of the same, or in any agreement, covenant or condition of this mortgage, then the entire mortgage debt shall be deemed due and demandable; and it shall be lawful" for the mortgagee, his heirs and assigns or their attorney or agent "at any time after such default to sell" the mortgaged property. The usual provisions for advertisement of the sale and allocation of the purchase money then follow.

The mortgagee paid off the Hartley mortgage and duly recorded the release of that mortgage. The mortgagee arranged with the Perpetual Building Association to assume the mortgage of that Association and to reduce the monthly payments on

that mortgage. The mortgagee has paid each monthly payment on the Association mortgage when due and that mortgage is not in default. This arrangement with the Association was not known to the mortgagors.

Upon the mortgagors' default in the $74,000 mortgage, the mortgagee had advertised in the *Montgomery County Sentinel* on March 10, 1966, that a default had occurred and the mortgaged property would be sold at public auction on March 31, 1966. The advertisement gave the place and terms of sale, stating that the mortgaged property would be sold "subject to a prior mortgage to Perpetual Building Association of Washington D. C. in the approximate amount of $5,300, the exact amount of which will be announced at the time of sale."

The foreclosure sale was duly held on March 31, 1966, at 10:00 A.M. at the Rockville Court House door. The mortgagee purchased the mortgaged property for $78,000 subject to a first mortgage in the balance of $5,165.86, making a total of $83,-165.86. The mortgagee was the only bidder at the sale. He filed the usual report of sale reciting the facts in regard to the sale and that the sale "was in all respects fair and the price received was adequate and fair." He also filed the usual affidavit of compliance with Rule BR 6 (b) "that he was acting in his behalf; no other persons being interested as principals; that he has not directly or indirectly discouraged anyone from bidding for the aforesaid property."

The appellant mortgagor, Joseph Diliansz and his wife Maria, each filed separate exceptions to the ratification of the sale. Judge Shure, after a hearing and the taking of testimony, filed a memorandum opinion, overruled the exceptions and ordered that the sale be finally ratified. A timely appeal to this Court was taken by the mortgagor Joseph Diliansz, only, his wife not having joined in the appeal.

Although a number of questions were raised by the mortgagors in their respective exceptions in the lower court, only two questions are raised and briefed before us by the appellant: (1) Was the property improperly advertised in that the advertisement of sale stated that the mortgaged property would be sold subject to a prior mortgage when the mortgagee was obligated to pay the prior mortgage? (2) Did the mortgagee have

standing to foreclose when he had breached his contractual obligation to pay the prior mortgage?

It is not clear that the appellant has preserved for our consideration the two questions he urges on appeal, as these questions were not raised *in his exceptions* below, but were raised only in the exceptions filed by the appellant's wife Maria, who did not join in the appeal to this Court. We do not find it necessary, however, to pass upon this question as we prefer to decide the case on its merits. As the two questions are interrelated, we may consider them together.

The mortgagor assumes that the mortgagee is in default on his agreement to pay off the Association mortgage as provided in the $74,000 mortgage, because he did not pay it off forthwith. The short answer to this contention is that the mortgagee's agreement to pay off the two prior mortgages did not provide for any time within which the mortgages must be paid off. The failure to provide for a time within which the two prior mortgages should be paid off by the mortgagee was not inadvertent but deliberate as the mortgagee's uncontradicted testimony indicated that the parties intended that he continue to make the payments on the prior encumbrances, rather than to pay them off in any different way.

The uncontradicted evidence also showed that the mortgagee had completely paid off one prior mortgage and that he had assumed payment of the other mortgage under new arrangements between himself and the Association. The mortgagee is faithfully carrying out his obligations to the Association. In other words, the mortgagee is not in default on his agreement to pay off the Association mortgage.

The provision in the advertisement of sale that the property was sold subject to the Association mortgage was necessary and proper to notify purchasers of the lien, and the mortgagee, not being in default on his agreement to pay it off, had the right to foreclose the $74,000 mortgage when the default in that mortgage occurred.

*Order affirmed, the costs to be paid*
*by the appellant.*